IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANA MATLOOB, | : | |
|    Plaintiff, | : | |
| v. | : | Case No. WDQ-11-1943 |
| OMAR FARHAN, *et al.* | : | |
|    Defendants. | : | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Attorneys' Fees ("Motion") filed by Plaintiff Sana Matloob ("Matloob") against Defendants Omar Farhan, *pro se*, and Malik Khizar, *pro se* (collectively, the "Defendants"). ECF No. 71. Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On May 7, 2014, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Quarles referred this case to Judge Gauvey for a report and recommendation on Matloob's Motion. ECF No. 73. This case was subsequently reassigned to me for a report and recommendation on the Motion. I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Matloob's Motion be GRANTED IN PART and DENIED IN PART.

**I.     FACTUAL AND PROCEDURAL HISTORY**

In this case, Matloob sued Defendants to enforce I-864 financial support affidavits. ECF No. 1. After Matloob's Motion for Summary Judgment and for Default Judgment (ECF No. 29) was denied (ECF Nos. 36 & 37), the case proceeded to a bench trial. The trial lasted one day and took place on November 4, 2013. ECF No. 63. After hearing the evidence presented and considering the parties' submissions, the Court found Defendants liable and awarded damages to

Matloob against Defendants, jointly and severally, in the amount of $10,908.97. ECF Nos. 69 & 79. As directed by the Court, Matloob timely filed the Motion for Attorneys' Fees (ECF No. 71), to which Defendants have not responded. On August 29, 2014, I ordered Matloob to provide additional information about attorneys' fee awards in similar cases. ECF No. 85. Matloob provided this information by letter dated September 9, 2014. ECF No. 86.

## II.     LEGAL ANALYSIS

In this case, Defendants signed I-864 affidavits of support obligating them to provide Matloob "any support necessary to maintain . . . her at an income that is at least 125 percent of the Federal Poverty Guidelines for . . . her household size" until their obligation expired by law. *See* ECF No. 29-3 at 23-29, 30-37. Under 8 U.S.C. § 1183a(c), having prevailed in her efforts to enforce the I-864 affidavits, Matloob may also obtain "payment of legal fees and other costs of collection" from Defendants. Matloob seeks attorneys' fees in the amount of $38,257.30 and costs in the amount of $510.36. ECF No. 71 at 1.

To determine what constitutes reasonable attorneys' fees, the Court calculates the lodestar amount (the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate) and determines whether an adjustment is warranted by considering the factors enunciated in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. The party seeking attorneys' fees bears the burden of proving the reasonableness of the amount sought.

In this case, Matloob was represented by John Condliffe and Debra Cruz. ECF No. 71 at 2. Mr. Condliffe and Ms. Cruz have each submitted affidavits in support of their fees. *See* ECF Nos. 71-2 & 71-3. Mr. Condliffe states that he has been licensed to practice law for approximately 27 years. ECF No. 71-2 at 1. He practices primarily in the area of family law and is "one of the few attorneys in Maryland that handles Immigration Support Act cases." *Id*. Mr. Condliffe was assisted in his legal research and writing by his associates, Mark Alderman and Aaron Turner, each of whom have less than ten years of experience. *Id*. Ms. Cruz's affidavit states that she has practiced law for approximately 33 years and practices primarily in the area of family law. ECF No. 71-3 at 1. Matloob requests an hourly billing rate of $400 for Mr. Condliffe, $325 for Ms. Cruz, $175 for Mr. Turner, and $115 for a paralegal. I note that these rates fall within the presumptively reasonable range in this district for attorneys with comparable experience, as set forth in Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases"). I find that these hourly billing rates are reasonable.

Turning to the hours expended, Matloob seeks compensation for about 122 hours expended by her attorneys. I have considered the twelve *Brodziak* factors and find an adjustment to Matloob's attorneys' fees is warranted. First, I recognize the novelty and difficulty of the questions raised in this case, but some of the attorneys' work was duplicative. While Matloob's claim was relatively simple, Defendants' allegations complicated the matter because of the sensitive cultural issues involved. As detailed above, Matloob was represented primarily by Mr. Condliffe and Ms. Cruz. While Mr. Condliffe is an experienced family law practitioner, he found

3

Ms. Cruz's assistance necessary because of the sensitive nature of the allegations raised by Defendants as to the parties' consummation of the marriage and each party's alleged sexual misconduct. *See* ECF No. 71 at 2. According to the billing records Matloob submitted, Mr. Condliffe spent about 61 hours working on this case, and Ms. Cruz spent about 28 hours working on the case. Some of the hours billed by Mr. Condliffe and Ms. Cruz overlap, including the time they both spent at the one-day bench trial. Mr. Condliffe explains that Ms. Cruz's presence at the trial was necessary, as it was throughout the rest of the representation, because of the sensitive sexual issues counsel anticipated would come up at trial.[1] While I recognize the necessity of Ms. Cruz's assistance, I also find that it resulted in some duplication of effort, which Defendants should not be required to pay for.

Second, it appears that some of the work performed by Matloob's attorneys could have been performed more efficiently, especially taking into account their experience. For example, Matloob's Motion for Summary Judgment (ECF No. 29) is comprised of a three page motion, a five page memorandum, and exhibits. Mr. Condliffe billed 15.7 hours for preparing this Motion. I find that the time spent preparing this Motion to be excessive and that this warrants some adjustment to Matloob's attorneys' fees.

Third, courts have awarded fees similar to that which Matloob seeks in other financial affidavit support cases. In *Younis v. Farooqi*, No. CCB-07-1393, 2009 U.S. Dist. LEXIS 41398 (D. Md. May 13, 2009), Judge Blake awarded attorneys' fees in the amount of $8,200 after finding that only 32 of the attorneys' claimed 43 hours were reasonably expended. In *Stump v. Stump*, No. 04-253, 2006 U.S. Dist. LEXIS 39592 (N.D. Ind. Mar. 31, 2006), the court awarded

---

[1] Guideline 2.c of Appendix B of the Local Rules provides generally that "[o]nly one lawyer for each party shall be compensated for attending hearings." A footnote to this guideline, however, states that it does not apply to trials, and compensation of more than one attorney at a trial "depend[s] upon the complexity of the case and the role that each lawyer is playing."

attorneys' fees in the amount of about $34,000, which was about 15% less than the amount of attorneys' fees sought. In *Sloan v. Uwimana*, No. 11-502, 2012 U.S. Dist. LEXIS 48723 (E.D. Va. Apr. 4, 2012), the court awarded attorneys' fees in the amount of $15,540 without making any reduction. The cases of *Younis*, *Stump*, and *Sloan* were all resolved at the summary judgment stage and are not easily comparable to Matloob's case. The attorneys' fees sought in these cases and those cited by Matloob in her letter dated September 4, 2014 (ECF No. 86) vary widely. Matloob's attorneys' fees are on the high end of the spectrum of fee awards, but because this was due in part to the case proceeding to trial, I find that this factor does not warrant any adjustment.

Finally, although only about $10,000 was in controversy in this case, I do not find this to be a factor warranting adjustment. Matloob obtained judgment in the amount she sought, and her attorneys' opportunity costs in representing her in this matter were significant. This type of case is not particularly desirable within the legal community and, despite whatever award of attorneys' fees the Court makes, there is no guarantee for Matloob's counsel that any recovery will be made from Defendants.

Having considered the twelve *Brodziak* factors, and for all the reasons stated above, I find that a 10% reduction in Matloob's attorneys' fees is warranted. This reduction is sufficient to account for the legal work that could have been done more efficiently or by another attorney at a lower hourly rate, and to ensure that Defendants will not be required to pay for any duplicative efforts of Mr. Condliffe and Ms. Cruz. This reduction amounts to $3,825.73 and results in attorneys' fees of $34,431.57. I recommend that Matloob be awarded attorneys' fees in the amount of $34,431.57.

Finally, Matloob seeks reimbursement for costs incurred for a process server and for expert witness fees. I find that these costs were incurred in connection with this litigation and that they are reimbursable expenses. I recommend that Matloob be awarded $510.36 in costs.

### III.   CONCLUSION

In sum, I recommend that:

1. Matloob's Motion for Attorneys' Fees (ECF No. 71) be granted in part and denied in part; and,

2. The Court award Matloob attorneys' fees in the amount of $34,431.57 and costs in the amount of $510.36.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses on file with the Court. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

October 1, 2014                                    /s/
Date                                               Timothy J. Sullivan
                                                   United States Magistrate Judge

Finally, Matloob seeks reimbursement for costs incurred for a process server and for expert witness fees. I find that these costs were incurred in connection with this litigation and that they are reimbursable expenses. I recommend that Matloob be awarded $510.36 in costs.

### III.   CONCLUSION

In sum, I recommend that:

1. Matloob's Motion for Attorneys' Fees (ECF No. 71) be granted in part and denied in part; and,

2. The Court award Matloob attorneys' fees in the amount of $34,431.57 and costs in the amount of $510.36.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses on file with the Court. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

October 1, 2014                                    /s/
Date                                               Timothy J. Sullivan
                                                   United States Magistrate Judge